ALBANY,
January, 1830.

Cook
v.
Tousey.

---

COOK and others *vs.* TOUSEY.

Where the principal and interest due on a bond exceed the penalty, the jury, on the trial of a cause, ought to give the excess in damages. If, however, nominal damages only are assessed by a jury, the excess cannot subsequently be taxed by the taxing officer and included in the costs, as is the practice where the judgment goes by default or confession.

ALLOWANCE of interest beyond penalty of bond.   At the last Saratoga circuit, a verdict was taken for the amount of the penalty of a bond declared on in an action of debt, and for nominal damages.   The bond was dated 22d January, 1806, in the penal sum of $180, conditioned for the payment of $90 with interest.   The principal and interest exceeded the penalty $60,95, and a question was now submitted whether the taxing officer was authorized to tax the same with the costs of the suit.

*A. Brown*, for plaintiff.

*O. G. Otis*, for defendant.

*By the Court*, MARCY, J.   Where the principal and interest due on a bond exceed the penalty, the jury ought to give the excess in damages.   (Buller's N. P. 178.)   This rule was adopted by this court in *Smedes* v. *Houghtaling*, (3 Caines' R. 48,) where a verdict rendered for the full amount of the principal and interest of a bond, though the interest exceeded the penalty, was permitted to stand.   The plaintiff here has erred in taking a verdict for nominal damages only, if he wished to recover beyond the penalty of the bond ; he

should have asked an assessment of damages by the jury for the detention of the debt, and is not now entitled to have them allowed in the taxation of the costs. Where the judgment goes by default or confession, and the interest exceeds the penalty, the practice is for the taxing officer to allow the excess or tax the damages and include them in the costs, (2 Saund. 107, n. 2; 3 Caines, 49, n. a.;) but this cannot be done where a verdict has been taken, and damages have already been allowed by the jury.