THE STATE, on the Relation of WALKER, *v.* FORD and Others.

Debt by the state on the relation, &c. on a justice's bond against the principal and his sureties. Plea, a former recovery by the state on the relation of divers persons, &c. for more than the penalty. Replication, that the present suit was first instituted, &c. *Held*, that the plea was good and the replication bad.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of debt, commenced on the 17th of *August*, 1839, against *Ford*, a justice of the peace, and *Flint* and *Port*, his sureties. The suit is founded on a bond in the penalty of 1,500 dollars payable to the state, and conditioned for the justice's discharge of his official duties, &c. The breach complained of, and which is assigned in the declaration, is, that the justice, in his official capacity, had collected for the relator, *Walker*, the amount of fifteen notes of 100 dollars each from *Williams*, the maker; that the relator- had demanded the money of the justice at his office; that the justice had refused to pay, &c. The sureties, *Flint* and *Port*, pleaded, *inter alia*, a former recovery by the state, on the relation of different persons, of several judgments against the obligors, rendered on the 16th of *September*, 1839, in suits on the same bond; the judgments amounting in all to more than the penalty. Replication, that the present suit, on the relation of *Walker*, was instituted before the commencement of any of the suits mentioned in the plea, viz. on, &c.; that the same has been duly prosecuted; and that there are due from the defendants 1,500 dollars, &c. General demurrer to the replication, and judgment for the defendants.

The plaintiff contends that the plea is bad, on the ground that the liability of the defendants is not limited by the amount of the penalty of the bond.

This objection to the plea is not well founded. It was decided in *Lonsdale* v. *Church*, 2 T. R. 388, that damages might be recovered beyond the penalty; but that case was contrary to the previous decisions. *White* v. *Sealy*, Dougl. 49.—*Brangwin* v. *Perrot*, 2 W. Bl. 1190. There are also several decisions both at law and in equity, subsequent to *Lonsdale* v. *Church*, which are in direct opposition to it. *Wilde* v. *Clarkson*, 6 T. R. 303.—*Mackworth* v. *Thomas*, 5 Ves. 329.—*Clarke* v. *Seton*, 6 Ves. 411.—*Hellen* v. *Ardley*, 3 Carr. & Payne, 12.—*Hughes* v. *Wynne*, 1 *Mylne* and *Keene*, 20.

By the common law, the penalty of the bond was, on a breach of the condition, always recovered in a suit at law, no matter whether the damages sustained were more or less than the penalty. According to the statute of Will. 3, when

VOL. V.—50

Nov. Term,
1840.

THE STATE
v.
FORD.

*Wednesday,*
*November 25.*

Nov. Term,
1840.

the damages are less than the penalty, the amount of the damages is all that can be recovered even at law; and that is the only change in the law made by the statute. If the damages exceed the penalty, the common law governs, and the penalty is the debt. That is all that the obligor, in any event, has bound himself to pay, and all, of course, that can be recovered, except the costs of suit. We have a statute similar to that of Will. 3, which does not affect the case. R. S. 1838, p. 449. The other statutes to which we have been referred do not change the law on the subject. Indeed, the one in the R. S. of 1838, p. 386, in saying that the penalty of a justice's bond shall not exceed 2,000 dollars, seems to recognize the principle, that the obligor's responsibility is limited by the penalty.

It is further contended by the plaintiff, that the replication is sufficient; but we do not think so. It is the judgments first obtained, and not the suits first brought, that must have the preference. If the judgments pleaded were obtained by fraud, that should be replied.

*Per Curiam.*—The judgment is affirmed at the costs of the relator.

*J. Perry* and *M. M. Ray*, for the plaintiff.

*C. B. Smith*, *J. S. Newman*, *S. W. Parker*, and *C. H. Test*, for the defendants.