## WHIDDEN v. TOULMIN.

1. The section of the act of 1807, " concerning executions, &c.," which inhibits the removal of goods and chattels, levied on by execution, from any messuage, lands, &c., leased, &c., until the payment of the money due for rent of the premises, only gives a lien for the rent due at the time of the levy, and not for what is then accruing, and to become due at some future period.

2. Where the sheriff levies process on goods of a tenant in a house leased to him, he is not liable to the landlord for its use and occupation, if the possession has not been demanded, and he merely retains the key, using the house for the safekeeping of the goods...the lease continuing during all the time of the sheriff's occupancy.

WRIT of Error to the Circuit Court of Mobile.

This was an action on the case, by the plaintiff in error, to recover damages of the defendant. 1. Because, as sheriff of Mobile, he levied on certain goods, &c. in a store house which the plaintiff had rented to George Harrington and Noah Harrington, and refused, on demand, to pay to him the rent due. 2. Because he unlawfully detained and kept possession of the store for several months.

Among other facts, it was agreed by the parties, 1. That the plaintiff leased to Geo. Harrington, a store house in the city of Mobile, for one year, commencing on the 1st November, 1835, at a rent of two thousand dollars *per annum*, payable quarterly, viz: on the first days of February, May, August and November. On the 4th of June, 1836, two attachments in favor of Judson and

Hoppin v. George Harrington, were levied on the goods in the house, being part of a stock which the lessee had been there selling. The rent due for the two first quarters, had been previously paid, and the plaintiff gave notice to the defendant previous to the sale under his levy, that he had a lien, in law, upon the goods seized, for the rent due, and claimed a priority over the attachment. *Further*, it was admitted that the goods sold for a sum more than sufficient to pay the plaintiff's demand. 2. That they were kept by the defendant, in the store house, until the 19th of August succeeding the levy; and after the sale, the house was closed by the defendant, who retained the key until the 27th September following, when he returned it to the plaintiff's agent.— The court charged the jury, that these facts did not entitle the plaintiff to recover for either of the causes stated. Thereupon, a verdict was returned for the defendant, and a judgment rendered accordingly.

ADAMS, for the plaintiff in error, cited Clay's Dig. 210, 506:— Also, the act of January, 1834: "The more effectually to secure the collection of rents in the city of Mobile." 3 Thomas' Co. 209; 6 Price's Rep. 19; 1 M. & S. Rep. 145; Com. Dig. 392; 5 Binn. Rep. 506.

CAMPBELL, for the defendant, referred to 2 Strange's Rep. 782; 1 Price's Rep. 274; 1 M. & S. Rep. 245; 18 Johns. Rep. 1; 3 Wend. Rep. 450; 17 id. 38; 2 Hill Rep. 380; 3 J. J. Marsh. Rep. 482; 2 Dana's Rep, 210.

COLLIER, C. J.—The question of the plaintiff's right to be paid his rent previous to the removal of the goods levied on by the defendant, depends upon the construction of the 35th section of the act of 1807, "concerning executions, and for the relief of insolvent debtors." [Clay's Dig. 210.] That section provides, that the goods and chattels being in or upon any messuage, lands and tenements, leased, &c. shall not be liable to be taken by virtue of any writ of execution, on any pretence whatever, unless the party so taking the same shall, before the removal of the goods from such premises, pay or tender to the landlord or his agent, all money due for the rent of the premises "at the time of taking such goods or chattels in execution: "*Provided, nevertheless,*

14

that such rent arrears do not amount to more than one year's rent, &c." This enactment is substantially a transcript of the 8 Ann. ch. 14, and the decisions touching the interpretation of that statute, are directly in point. In Hoskins v. Knight, [1 M. & S. Rep. 245,] the question was, whether the landlord was entitled to demand of the plaintiffs in execution, payment of rent which accrued after the time of the levy, and during the continuance of the sheriff's possession. The court held, that the terms of the act expressly pointed to the time of the taking, and shewed that the legislature contemplated one case only, in aid of the landlord, viz: to prevent an execution from taking away what is due for rent at the time when the seizure is made; but the statute was not to be extended beyond its literal meaning. See, also, Gwilliam v. Barker, 1 Price's Rep. 274, and Trappan v, Morie, 18 Johns. Rep. 1, in which the law is laid down in equivalent terms.

In Binns v. Hudson, [5 Binn. Rep. 505,] the same question was raised upon a statute analagous to our own. Tilghman, Chief Justice, in delivering the opinion of the court, remarked, that if the question were *res integra*, he should incline to the opinion, that the landlord could claim no rent which was not actually due at the time of the levy: But as it had been determined by his predecessors, that the growing rent may be apportioned, so that the landlord shall have it down to the time when the goods were taken by the sheriff; and as such construction had been uniformly followed, he thought it best to adhere to precedent. This case is worth nothing as an authority without the State in which it was determined; for the decision is not the result of the investigation of the court which made it—it is the mere echo of precedent, not approved, though acquiesced in. We think the English construction of the statute of *Ann*, lays down a rule more reasonable in itself, and consonant to principle; and to it we are willing to conform.

The facts agreed show, that at the time of the levy, no rent was due, but that so much as was due for the quarter preceding, had been fully paid. In this view of the case, the plaintiff cannot, with propriety, say that the defendant has deprived him of his lien, which the statute secured; for it is clear, that no lien had attached in his favor, if the view taken is correct.

In respect to the second question, we think that the facts stated in the record, do not entitle the plaintiff to recover for the un-

reasonable detention of his house. The defendant in attachment was the lessee for twelve months, near five of which were unexpired at the time of the levy, and the defendant retained the key for two or three months, using the house for the safe-keeping of the goods which he found in it. It does not appear, that during all this time, the plaintiff demanded the possession, or otherwise asserted a right to it. Under these circumstances, the defendant might very well have concluded, that the plaintiff was willing to acquiesce in the continuance of the lease, until the expiration of the period stipulated; in fact, if it were competent for him to do so, that he did not wish to terminate it sooner. The defendant then, cannot be charged with damages upon the second ground alleged against him.

The consequence is, the judgment of the circuit court is affirmed.