## FRAZIER, use, &c. v. THOMAS.

1. The act of 1821, [Clay's Dig. 506, § 3,] does not give the landlord a lien on the
crop raised on the rented land ; it merely declares that, as between the landlord
and an execution creditor, the former shall be entitled to preference, to the ex-
tent of one year's unpaid rent.
2. A count, of a declaration asserting that a landlord had a lien upon certain chat-
tels, which has been destroyed by the act of the defendant, is bad, without show-
ing how the lien was created : the existence of a lien is the conclusion of the
law upon certain facts, and they should be stated, in order that a judgment
may be formed of the existence of the lien.

WRIT of Error to the County Court of Sumter county.

The declaration has three counts; the first is trover for 50 bags
of cotton; and the other two are in case for removing a quantity
of cotton grown upon land leased by the plaintiff to one Barron,
without paying or tendering the plaintiff, the amount due
for the rent. The last count set out the use and occupation of
the premises by Barron, the growing of the cotton upon the land,

its liability to pay the rent and its removal by the defendant, whereby the rent was lost. It also avers that the cotton was subject to a lien of the plaintiff, and that by the removal, this lien was lost. The other count in case, is similar to this, but there is no specific allegation of a lien. Both were demurred to, and overruled as insufficient.

The defendant had a verdict on an issue to the count in trover, and the plaintiff prosecutes this writ of error, and here assigns the judgment sustaining the demurrer as cause for reversal.

Bliss, for the plaintiff in error.
Boyd, *contra,*

GOLDTHWAITE, J.—1. The common law remedy of distress was abolished by the act of 1812, [Clay's Digest, 506, § 2,] and therefore, if the landlord had any lien upon the goods of his tenant when this action accrued, it must have been under the act of 1821, which is in these terms: "The crop grown on any rented land in this State, shall not be liable to be taken by virtue of any execution, or removed off the premises of any such rented land, unless the party so taking the same shall, before the removal of the crop from the premises, pay or tender to the landlord or lessor thereof, or his agent, all money due for the rent of the said premises, at the time of taking such crop in execution; *Provided, nevertheless,* that such rent or arrears, do not amount to more than one year's rent, and if more be due, then the party suing out such execution, paying or tendering to such landlord or his agent, one year's rent, may proceed to execute his judgment, and the sheriff or officer levying the same, is hereby empowered and required to levy and pay to the plaintiff, as well the money so paid for the rent, as the execution money." [Clay's Digest, 506, § 3.]

It is perfectly clear, this only gives a lien to the landlord on the crop, as against an execution creditor of the tenant: between these, the statute gives a preference to the landlord, but the lien is not created in any instance.

2. It is supposed, however, that the demurrer ought not to have been sustained, because the count contains an express averment, that the plaintiff had a lien on the cotton carried away by the defendant, and as this fact is admitted by the demurrer, the

taking must be considered as wrongful. This view is not admissible, because the existence of a lien, is a conclusion of the law from certain facts, and these are necessary to be stated, in order that a judgment may be formed with respect to the existence of the lien, If the precedent matter should be rejected, the count could not be sustained on the assertion, that the plaintiff had a lien upon the cotton. Whether we consider the assertion, that there was a lien as predicated on the facts stated, or as standing alone, the count is alike defective.

Judgment affirmed.