## DENHAM & WARFORD v. HARRIS.

1. The *lien* of a landlord, upon the goods of his tenant, where an execution or attachment is levied upon them, is confined to the rent due at the time of the levy; and although the goods are permitted by the officer to remain upon the premises until rent is due, they are in the custody of the law, and the *lien* will not attach.

2. The *lien* of the landlord, is not impaired, by his taking from the tenant a note with surety for the payment of the rent.

Error to the Circuit Court of Dallas. Before the Hon. E. Pickens.

JAMES HARRIS, filed a petition in the circuit court of Dallas, setting forth, that he leased to William H. Steetz a lot of ground in Cahawba, for the year 1846, and that Steetz executed to him a note for the rent, with Ulmer as security, for $132, due at twelve months, dated 31st December, 1845. That the note is due and unpaid. That during the year 1846, the sheriff of Dallas county levied an execution issued in favor of Denham & Warford v. Steetz & Howlet, on a lot of goods then being on the rented premises, and that before the sheriff removed the goods from off the premises, he gave notice to him that there was one year's rent due to him, amounting to $132. The note is set out in the petition, and the entire amount is due twelve months after the date of it. The execution is referred to, and set out, from which it appears, that the levy was made on the 30th of December, 1846. It also appears from the petition, that the sheriff sold the goods under the execution, and that he held the money, and Harris moved the court, that he be ordered to pay to him, from the proceeds of the sale, the amount of the note, being for the rent of the premises on which the goods were, at the time of the levy. Denham & Warford, the plaintiffs in the execution, being served with notice of this application, appeared and interposed objections to said motion, by way of

59

pleas, to the petition of said Harris. The first objection by way of plea, is, that the property from the proceeds of which the petitioner seeks payment of his debt, was levied on by an attachment, at the suit of the defendants in this motion, in March, 1846, and whilst the goods were under an attachment, at the suit of one Forlow, whose writ of attachment was levied on the goods in September, 1845, when said goods were not on the rented premises, and that said goods remained in custody of an officer of the law, under said levy, until the levy of the attachment of these defendants, in March, 1846, and that said goods still remained in custody of the law, until sold under the execution referred to, in the petition. They also objected, that the plaintiff in the motion, having taken security on the note for the rent, had waived his *lien*. These are the only objections necessary to be noticed. The defendant in error demurred to those pleas, and the court sustained the demurrer. The plaintiffs in error then pleaded, there was nothing due to Harris for rent, on which issue was joined, and a jury was impanneled to try the same, who returned a verdict in favor of Harris. That the allegations in his petition were true, and that Steetz was indebted to him for the rent of the premises.

Forlow also appeared, and asserted his right to the money, by virtue of his levy in September, 1845, which was allowed by the court, the amount due him being only about $50.

The court rendered a judgment, ordering the sheriff to pay to Harris the amount of his note, being for rent during the year 1846, from the proceeds of the sale of the goods. To reverse this judgment, a writ of error is sued out to this court.

The errors assigned are, that the court erred in sustaining the demurrer to the pleas filed to the petition.

Gayle, for plaintiff in error. The proceeding should have been quashed on Harris's demurrer, because—

1. The petition shows a transfer of *lien* to Conoly, which never could return to Harris; that is, if this *lien* is analagous to an equitable one. 1. Was there a transfer? See record; and the effect of written transfer, 4 Porter, 14. 2. The transfer suspended Harris's right forever. 2 J. R. 470.

2. But, the transfer of the note to Conoly could not carry the *lien*, which was a personal legal one, and not transferable—and therefore the transfer, made before the levy, waived the *lien*.  1. The possession, essential to the continuance of the *lien*, never passed to Conoly.  See 6 Am. Com. L. 444-5. 2. A *legal lien*, is a personal right, and not assignable.  See Jones v. St. Clair, 2 N. H. 321; 6 Am. Com. L. 455, note.

3. The petition shows that no rent was due when the goods were taken in execution—and unless rent was due there was no *lien*.  Clay's Dig. 210; Whidden v. Toulmin, 6 Ala. 104.  The note for rent fell due on the 31st December, 1846, and the levy was made on the 30th December, 1846.  No rent due till pay day comes.  2 U. S. Dig. 748, § 316; 15 Mass. 268; 11 Ib. 488.

4. The fourth plea good—personal security taken for the rent.  See particularly, Foster v. Athenæum, 3 Ala. 302.

LAPSLEY, contra.

DARGAN, J.—The act of 1807 (Clay's Dig. 210) which provides, that no goods or chattels, lying or being on any messuage, lands or tenements, leased for life, or term of years, or at will, or otherwise, shall be liable to be taken on execution, on any pretence, unless the party, before removing the goods, shall pay the rent then due, provided the same do not amount to more than one year's rent, has received a construction by this court in the case of Whidden v. Toulmin, 6 Ala. R. 104, that we now approve, which is, that the *lien*, or right of the landlord to demand payment of the rent, at the time of the levy, is confined to the rent due at the time of the levy, or seizure of the goods, and does not extend to rents falling due after the levy.  The act above referred to, is substantially the same as the act of 8th Ann, c. 14, which has received the same construction, in the case of Hoskins v. Knight, 1 Maule & Selwyn, 247.  In this case the court held, that the rent due at the time of the taking by the sheriff, was all that could be demanded by the landlord, and that rent falling due after the levy, or seizure, could not be demanded.  So in 18 John. 1, a levy was made by the sheriff on goods of a tenant, in July, and there was a quar-

ter's rent due the landlord in May preceding ; the sheriff permitted the goods to remain on the premises until September, after the levy, and another quarter's rent fell due in August, whilst the goods were yet on the premises. The goods being removed and sold in September, the landlord moved to have the proceeds applied to the payment of the two quarters' rent, due the first of May and August; but the court said, the statute gave a *lien* to the landlord for the rent due at the time of the levy, not for that falling due after the levy, although the goods remained on the premises until the next quarter's rent fell due. The court ordered the sheriff to pay the landlord the rent due the first of May preceding the levy only. This construction of the same act has been recognized in 3 Wend. 444.

These authorities show, that the rent that the landlord is entitled to demand, is the rent due at the time of the levy, not the rent subsequently falling due. The only question therefore is, what rent was due at the time of the levy? The levy of the attachment was in March, 1846, but the sheriff did not remove the goods until the levy of the execution. Yet there can be no difference between a levy or seizure by an attachment, and a levy by execution. In both instances, the possession of the defendant is divested, and the possession vested in the sheriff, for the purposes designated in the writ. Consequently, if goods be levied on by execution, or by attachment, the landlord can demand of the sheriff only the rent due at the time of the levy; not that falling due after the levy. Testing the record by this rule, the court erred. The plea that the goods were levied on in March, before any rent was due, and remained in the custody of the law, was good, and the petition shows, that even at the time of the levy under the execution, the note for rent was not due, and if this be so, no demand could be made on the sheriff for rent, for none was due at the time of the levy made by the execution, and clearly none at the time of the levy of the attachment. It therefore follows, that the judgment of the circuit court, so far as it orders the sheriff to pay the defendant in error the amount of the note given for rent, is erroneous.

The second objection, or plea, that the taking of the note

of Steetz, with Ulmer a security, was a waiver of the *lien* of the landlord, cannot be sustained. The right, or *lien* of a landlord, is a legal right, not a mere equitable *lien*, and before the court can say, that the landlord has waived or abandoned this legal right, there must be some plain evidence to show it. The mere fact, that he has seen fit to increase his security for rent, by requiring another name to be bound with the tenant, cannot be construed, in the absence of all other proof, as a waiver of his statutory right.

For the error before alluded to, let the judgment be reversed and the cause remanded.