# THOMPSON v. MERRIMAN.

1. The landlord may maintain assumpsit against the sheriff, for money had and received, for rent due from the tenant at the time of the levy of an execution.

2. The sheriff cannot set up, in bar of the action, or by way of off-set, a debt due from the landlord to the tenant.

Error to the Circuit Court of Sumter. Before the Hon. G. Goldthwaite.

Assumpsit by the defendant in error. The defendant in error leased a store house, to Philip Farris, who occupied it as such. The plaintiff in error, as sheriff, levied an execution on the goods, and sold them, the tenant being indebted

to the defendant in error for a year's rent. The sheriff had notice of the claim for the rent in arrears, and has retained this amount in his hands. To recover this, assumpsit is brought by the defendant. The sheriff resists the recovery, on the ground, that assumpsit for money had and received will not lie; and also offered to prove, that the plaintiff below, (defendant in this court,) was indebted to the defendant in execution, Philip Farris, more than the amount of rent due from him to her. The court decided, that the action could be maintained, and excluded the evidence tending to show, that the plaintiff was indebted to the tenant.

The ruling of the court is here assigned as error.

R. H. SMITH, for plaintiff in error.

BLISS & BALDWIN, contra.

DARGAN, J.—It has been repeatedly held by this court, that the act of 1807, (Clay's Dig. 210,) which prohibits the taking of any goods, and chattels, by virtue of any execution against the tenant, from off the demised premises, unless the plaintiff in execution will pay, or tender to the landlord as much as one year's rent, if so much be due, and in arrears, gives the landlord a lien on the goods of the tenant. Denham & Wafford v. Harris, 13 Ala. 465; Whidden v. Toulmin, 6 Ala. 104; Thompson v. Spinks, 12 Ala. 155; Dulany v. Dickerson, Ib. 601. But being a mere lien, it gives to the landlord no title to the goods upon which he can maintain trover, detinue, or trespass, if they be taken from the defendant's possession, or be sold or removed by him.

The plaintiff, therefore, although she gave notice to the sheriff of her demand for rent, could not bring either of those actions, because she had no title to the goods. She certainly, however, had the right to have her demand for rent satisfied before they were removed; but as this right was not regarded by the sheriff, the question arises, what remedy has she to enforce it? In the case of Denham & Wafford v. Harris, before referred to, the landlord filed a petition, in the circuit court, praying that the sheriff might be ordered to pay to him the rent in arrears, out of the money received on the sale of the goods. The prayer of the petition was allowed.

It is true, that the question as to the remedy, in that case, was not made by the counsel, nor noticed by the court; but we find that other courts on similar statutes, have entertained a similar practice. In 18 Johnson, 1, a sheriff levied on the goods of a tenant, and sold them under execution; the landlord moved the court to have his rent satisfied from money arising from the sale. The motion was granted. The same remedy was allowed in the case of Beckman v. Lansing, 3 Wendell, 444.

In Haskins v. Knight, 1 M. & S. 245, the landlord obtained a rule against the plaintiff in execution, to show cause, why the sheriff should not pay to him the rent in arrears, out of the proceeds of the sale of the tenant's goods, seized by the sheriff on the premises; and it being shown, that at the time of the levy, there was rent due the landlord, the rule was made absolute, and the sheriff ordered to pay it.

These decisions, made upon statutes similar to ours, show, that the landlord is entitled to receive from the sheriff, out of the proceeds of the goods in his hands, the rent due him from the tenant at the time of the levy; and it must follow, that if the landlord is entitled to be paid one year's rent out of this fund, by an application to the court, the sheriff who has it in his possession, must have money which belongs to the landlord, and therefore he has money for his use.

But it is objected, that there is no privity of contract between the sheriff and the landlord. The only privity that need be shown in this action, is, that which is implied by law, from the fact, that the defendant has money in his hands, which belongs to the plaintiff. 15 Cow. 52; 17 Mass. 563; Ib. 579; 5 Cow. 71.

It is supposed, however, that the case of Dulany v. Dickerson, 12 Ala. 601, is opposed to the view here taken. But the facts of that case, differ widely from the facts in the cause before us. There, the tenant had sold the goods to a stranger, and he had obtained possession of them. The goods remained in specie, in the hands of the vendee, and it is very clear to my mind, that he could not be said to have money for the use of the landlord. The vendee of the tenant, retaining the possession of the goods, bore perhaps the same relation to the landlord, that the vendee of the sheriff

does, if both had notice of the lien, but neither of them could be considered, from having the goods in possession, as having money for the use of the landlord.

2. We think also, that the court correctly rejected the evidence offered by the sheriff, tending to prove, that the plaintiff was indebted to the tenant, for goods sold and money lent. If these debts could be asserted by the sheriff, in bar of this action, of course they must be considered as compensated, or extinguished in the hands of the tenant, although they might not even be allowed by the jury. For if they can be legally given in evidence to defeat this action, and in fact have been, the tenant could not sue on them afterwards; and to permit the sheriff to defend himself by giving these debts in evidence, would be to bind the rights of one not a party to the record.

The authorities relied on by the plaintiff in error, do hold, that a surety when sued, may, with the consent of the principal, prove by way of set-off, a debt due from the plaintiff to the principal. These decisions extend the doctrine of equitable defences as far as we can go, yet they do not warrant the sheriff, in defending himself, by proving that the landlord was indebted to the tenant. The plaintiff in error is neither the security of the tenant, nor does he assert these counter claims with his consent.

We can perceive no error in the ruling of the court, and the judgment must be affirmed.