Long's adm'r v. Long.

JOHN S. ROBBINS, administrator of Nancy T. Long, vs. JAMES M. LONG.*

1. In an *action at law* upon a penal bond, with condition for the payment of money only, the plaintiff is entitled to recover the full amount of the penalty as a *debt*, and the excess of interest beyond the penalty in the shape of *damages* for the detention of the debt.

2. Upon a *bill in equity* for the recovery of a bond debt, either upon the bond itself, or upon a mortgage given to secure the bond, the obligee may recover the *full amount of principal and interest* due upon the bond, though it *exceed* the amount of the penalty.

The bill was filed to foreclose a mortgage for $1000, given by the defendant to Nancy T. Long. The cause was heard upon the bill, answer and proofs; and an order of reference was made to ascertain and report the amount due upon the mortgage, and what part of the mortgaged premises should be sold. The master reported an amount due greater than the penalty of the bond, and advised the sale of a part of the mortgaged premises.

To the report of the master, the defendant filed the following exceptions:

1. The amount reported due is larger than the *penalty* of the bond.

2. If the property be sold as advised by the master, it will be sacrificed. It might be sold to greater advantage.

3. The master, under the circumstances, should have advised the sale of the whole, and not of a part, of the mortgaged premises.

Hearing on exceptions to master's report.

*Vroom*, for exceptant.

*Depue*, for complainant, contra.

*1 *McCarter* 462.

THE CHANCELLOR. The only exception relied upon is, that the amount reported by the master to be due to the complainant, exceeds the penalty of the bond. It is insisted that in equity there can be no recovery upon a money bond beyond the amount of the penalty. It is very clear that for a long period this was the well settled rule of the English Court of Chancery.

It was treated as a settled point, that equity will not relieve beyond the penalty of the bond, as early as the 26 *Charles* 2, (1674), in *Davis* v. *Curtis*, 1 *Chan. Cas.* 226. The books are full of cases, where the principle is applied to bonds with special condition, as to official bonds, indemnity bonds, and bonds for the performance of covenants, where the penalty is a mere security for the payment of unliquidated damages. But the cases are not, as has been sometimes supposed, confined to this class of bonds, but extend as well to mere money bonds. *Bromley* v. *Goodere*, 1 *Atk.* 75, (1743); *Grosvenor* v. *Cook*, 1 *Dickens* 305, (1757); *Gibson* v. *Egerton, Ibid.* 408, (1769); *Kettleby* v. *Kettleby*, 2 *Dickens* 514, (1775); *Tew* v. *Winterton*, 3 *Bro. Ch. R.* 489, (1792); *Clarke* v. *Seton*, 6 *Vesey* 411, (1801.)

In *Gibson* v. *Egerton*, the master allowed the penalties of *three bonds*, which was less than the amount of principal and interest due thereon. An exception taken to the master's report on this ground was overruled. The Lord Chancellor (Cowper) saying, he was so clear, that he wished he had been warranted in making the exceptant pay costs.

In *Kettleby* v. *Kettleby*, the estate was amply sufficient to pay all the debts. There were both specialty and simple contract creditors. The master in taking the account allowed full interest upon the latter, but refused to allow interest on the specialty debts, beyond the penalty of the respective bonds. On this ground, the bond creditors excepted to the report. Lord Bathurst, Chancellor, overruled the exceptions, reluctantly as he said, there being so over an abundant fund, but said that he was tied down by the constant and uniform usage of the court.

There are cases that maintain a different doctrine. In Lord Lonsdale v. Church, 2 T. R. 388, Mr. Justice Buller held, that at law interest, in the shape of damages, might be recovered beyond the penalty. And in Knight v. Maclean, 3 Bro. Ch. R. 496, sitting for the Chancellor, he sustained exceptions to the report of the master, on the ground that he had not allowed interest beyond the penalty of the bond. But this decision was overruled on appeal to the Chancellor. And in Clarke v. Seton, Sir William Grant, the master of the rolls, said, the uniform rule in equity is never to go beyond the penalty. It must, I think, be admitted as a general rule well settled by the courts at Westminster, though certainly with some deviations, that in an action upon a penal bond there can be no recovery beyond the amount of the penalty. The application of the rule has in many instances, as in the case of Kettleby v. Kettleby, operated most unjustly, in placing specialty creditors in a much worse position than simple contract creditors. Mr. Chitty states that, with respect to interest, a bill of exchange is a better security than a bond, " for when the principal and interest on a bond are equal to the amount of the penalty the interest must thenceforth cease, for the obligor in a bond is not answerable beyond the amount of the penalty." Chitty on Bills 4.

That this application of a legal principle to the case of a money bond in favor of the obligor is alike inequitable and inconsistent with the intention of the parties, is too clear to admit of question. And the attitude of the English Court of Chancery upon this question, presents one of the most remarkable anomalies known to the law. It acts constantly upon the principle of giving relief beyond the penalty of the bond, on the ground that equity requires it. Thus where the amount of the penalty is small, as compared with the value of the subject of the agreement, the court has no difficulty in decreeing specific performance to an amount greater than that of the penalty. Fry on Spec. Perf., § 70.

Long's adm'r v. Long.

So if the mortgagor comes into equity for relief against the penalty at law, the court will grant relief, only on his paying the whole amount of principal and interest due, though it exceed the penalty of the bond : upon the principle that he who asks equity must do it. *Hugh Audely's case, Hardress* 136; 1 *Eq. Cas. Ab.* 91, 92; *Bac. Ab., Obligations, A.*

So equity will carry the debt beyond the penalty, where the obligee is kept out of his money by injunction or is prevented from going on at law. *Show. P. C.* 15; *Pulteney* v. *Warren,* 6 *Vesey* 92.

So if the devisee of lands charged with the payment of a bond debt, neglect to pay in a reasonable time, he shall pay interest, though it exceed the penalty. *Anonymous,* 1 *Salk.* 154.

So where an advantage is made of the money. *Lord Dunsany* v. *Plunkett,* 2 *Bro. Parl. C.* 251. Or where the bond is only taken as collateral security. *Kirwane* v. *Blake,* 2 *Bro. Parl. C.* 333; 14 *Vin. Ab.* 460, " *Interest* " *E.*

The sole ground upon which relief has been denied to the obligee of a money bond beyond the amount of the penalty is, that at law the bond creditor is entitled only to the penalty of the bond, and that where the creditor comes into equity for a legal demand, equity will give the same relief as he would have been entitled to at law. *Grosvenor* v. *Cook,* 1 *Dickens* 208; *Hale* v. *Thomas,* 1 *Vernon* 349; *Mackworth* v. *Thomas,* 5 *Vesey* 330.

At law the penalty of the bond has always been considered the debt. Originally the obligor at law was required to pay the penalty as the debt, and could only be relieved in equity by paying the principal and interest money due. Such was originally its design, and such to this day it is in form. A debt justly due to be paid, the obligation to be void only upon the performance of the condition. It is clear, said the master of the rolls, in *Clarke* v. *Seton,* 6 *Vesey* 415, that both at law, and in equity the penalty is the *debt,* and upon this very ground it is urged that no interest can be recovered beyond

the penalty. But if it be a debt, and if that debt become due, as it clearly does at law (in form at least) upon the breach of the condition, and judgment may be entered upon it, why may not interest be reckoned either upon the principal specified in the condition, or upon the penalty, to an amount equal to the sum due upon the bond ? No form or principle of law is thereby violated. It is the constant practice of courts of law to recover interest beyond the penalty in the shape of damages, and yet the Court of Chancery in England, planting itself upon the rule at law, refuses to afford relief, which is both equitable and in accordance with the intention of the parties.

The English penal bond is in form, an anomaly. The bond is not given for the actual debt but for the penal sum, with condition that if the real debt and interest are paid at maturity, the bond is satisfied. If not paid at maturity, the bond is unsatisfied, and the penal sum has become the real debt. So the courts of law held. Equity said, no : whatever may be the form in substance, the amount of the obligation is a mere penalty which the obligee shall not enforce. He is entitled only to the principal and interest of the real debt. After a long struggle, with the history of which we are all familiar, equity triumphed. What purports to be in form the real debt, is but the penalty. The form is retained, the substance is changed. But if the form of the bond and the form of the remedy upon it be anomalous, the justice meted out to the parties is still more so. · Equity says to the obligee, you shall not have the sum which the obligor bound himself to pay, and which he has acknowledged to be due, because, though in form a debt, in substance it is a penalty. The sum specified in the condition, with interest, is the real debt. But the moment the real debt exceeds the penalty, and the obligee asks for the amount due, the answer is, the penalty is the debt and you can have no more. But if the penalty is the debt, and the real debt and interest exceeds the penal sum so that it is no longer inequitable to demand it, why shall not the obligee have interest on the penalty ?

Courts of law say, he shall have it in the form of damages for the detention of the debt. Shall a court of equity hesitate to give it? The justice of the claim, and the anomalous attitude of the English courts upon the question, is thus clearly presented by Mr. Evans in his Notes to Pothier. 2 *Pothier on Obl.* (*3d Am. ed.*) 93.

"The allowing a party to have satisfaction to the extent not only of the debt which constitutes the penalty, but also of the interest on that penalty, which is the proper damages for its detention, appears to be no more than answering the claims of ordinary justice, when the non-performance of the condition is attended with circumstances that render the penalty, without such interest, an imperfect satisfaction of the primary object of the contract; and it certainly ought to be the aim of every tribunal to render as perfect justice as is consistent with the rules of law. By the rules of law, real damages may be allowed for the detention of a debt. For that, the case of *Holdipp and Otway* is a decisive authority. By the forms of law, one shilling damages is always awarded for the detention of the penalty, or any other debt; and these forms will be best rendered subservient to their substantial purposes by their being extended so far as may be necessary for securing the original obligation, provided they are not extended further than is consistent with their own particular character. · And this is particularly the case with respect to bonds for securing money, when the principal and interest amount to more than the formal penalty. Whilst the courts restrain the legal operation of the formal instrument, in order that it may not be carried beyond the substantial purpose, on the one hand; it is very unequal justice not to allow the full extent of that operation when it is necessary to enforce such purpose, on the other. And it is the more extraordinary, that courts of equity, which in other cases so far sacrifice the form to the substance of the transaction as to enforce the specific performance of an agreement, only evidenced by its being the condition of a penal obligation, without allowing the payment of the penalty to be substituted for the perform-

ance of the agreement, should so completely deviate from that practice in the very instance of all others, where the real purpose of the agreement is most indisputably evident, and where the measure of justice is with most facility ascertained. But so are the precedents; and it is easier to follow precedents than to investigate principles, and there is often a timidity in deviating from even those precedents which are most at variance with principles."

The weight of English authorities, as has been said, is decided, that at law as well as in equity, there can be no recovery upon a penal bond beyond the amount of the penalty.

There are, however, English authorities which maintain the right of the obligee to recover at law upon a money bond, in the form of damages for the detention of the debt, an amount exceeding the penalty. *Lonsdale* v. *Church*, 2 *T. R.* 388; *Buller's N. P.* 178; *Holdipp* v. *Otway*, 2 *Saund.* 106; *Francis* v. *Wilson*, 1 *Ryan & Moody* 105.

The American authorities very generally, if not uniformly, maintain the doctrine, that at law in an action upon a penal bond interest may be recovered in the form of damages, to an amount exceeding the penalty of the bond. *Smedes* v. *Houghtaling*, 3 *Caines R.* 48; *Moffatt* v. *Barnes*, 3 *Caines R.* 49, *note a; Cook* v. *Tousey*, 3 *Wend.* 444; *Lyon* v. *Clark*, 4 *Selden* 148; *Perit* v. *Wallis*, 2 *Dallas* 252; *Tennant's Ex'r* v. *Gray*, 5 *Munford* 494; *Moss* v. *Wood*, *R. M. Charlton* 42; *Goldhawk* v. *Duane*, 2 *Wash. C. C. R.* 323; *Sedgwick on Dam.*, (3d ed.) 446; 2 *Greenleaf's Ev.*, § 263.

In the case of *Goldhawk* v. *Duane*, Mr. Justice Washington stated that in the opinion of the court, nothing could be recovered beyond the penalty, but as the plaintiff's counsel were confident that the law was otherwise, the court left it to the jury to find interest in the name of damages, with a view to the discussion of the point, upon a motion for a new trial. The jury found accordingly, and it does not appear that the verdict was ever disturbed.

On bonds for the performance of covenants, or with condition other than for the payment of money, the recovery is

F *

usually limited strictly by the amount of the penalty. *State* v. *Ford*, 5 *Blackf.* 392; *Lawrence* v. *United States*, 2 *McLean* 581. But even in these cases, the American courts have repeatedly held that the penalty becomes forfeited upon the first breach, and if the damages be not then satisfied and they exceed the penalty, interest may be allowed upon the penalty from the time of the breach. *Carter* v. *Carter*, 4 *Day* 36; *Harris* v. *Clap*, 1 *Mass.* 308; *Hughes* v. *Wickliffe*, 11 *B. Monroe* 202; *Carter* v. *Thorn*, 18 *Ibid.* 613; *United States* v. *Arnold*, 1 *Gall.* 360. Or from the time the debt is demanded. *Warner* v. *Thurlo*, 15 *Mass.* 154; *State* v. *Wayman*, 2 *Gill. & John.* 254, 279; *Walcott* v. *Harris*, 1 *Rhode I.* 404.

In the recent case of *Brainard* v. *Jones*, 18 *New York Rep.* 35, it was held that the recovery against a *surety* in a bond for the payment of money is not limited to the penalty, but may exceed it, so far as necessary to include interest from the time of the breach. And the legal ground of the recovery is clearly stated by Mr. Justice Comstock in delivering the opinion of the court. "Whether," say the court, "a surety at the time of his default can be held beyond the penalty of his bond, is a question on the interpretation and effect of his contract. Whether interest can be computed after his default, where the effect will be thus to increase his liability, is a question of compensation for the breach of his contract." And it was held that, so far as interest is payable by the terms of the contract and until default made, it is limited by the penalty; but that after the breach, interest is recoverable, not on the ground of contract, but as damages which the law gives for its violation.

The question is in no wise affected by the provisions of our statute concerning obligations. *Nix. Dig.* 567. The 5th, 6th and 7th sections of the act, which are transcripts from *statutes* 8 *and* 9, *Will.* 3, apply only to bonds with condition "*other than for the payment of money.*" The 9th and 10th sections, which are substantially copies from *statutes* 4 *and* 5 *Ann*, were designed to afford the relief against the

penalty, which the obligor might previously have obtained in equity by paying the principal and interest due by the condition. He can neither, by the terms of the act, discharge the bond, nor plead the payment in bar, except by paying the full amount due for principal and interest according to the condition.

I think both upon principle and upon authority, the plaintiff, in an action upon a penal bond with condition for the payment of money only, is entitled to recover the full amount of the penalty as a debt, and the excess of interest beyond the penalty, in the shape of damages for the detention of the debt. This being the relief to which the plaintiff is entitled at law, it is clear that the complainant in *equity* is entitled to at least as full relief. The only difficulty, as we have seen, in the obligee's recovering in equity the full amount of principal and interest due upon the bond, has been that the plaintiff coming into equity to recover a legal demand, can recover no more than he would do at law. Independently, therefore, of all precedent or authority directly upon the question, I should hold that upon a bill in this court for the recovery of a bond debt, either upon the bond itself or a mortgage given to secure the bond, the complainant may recover the full amount of principal and interest due upon the bond, though it exceed the amount of the penalty. And this, upon the ground that it is a debt justly due, that it is in accordance with the intention of the parties, and that it violates no principle of law or equity. Equity will disregard the form in which the remedy is obtained and look alone to the substance of the transaction.

But whatever doubt may exist touching the right to recover either at law or in equity, beyond the penalty of the bond, where the claim is founded upon the bond itself, there is no difficulty in the way of a recovery of the full amount due for principal and interest where the suit is founded, not upon the bond, but upon a mortgage, or other security.

In *Clark* v. *Lord Abingdon*, 17 *Vesey* 106, the master of the rolls said : " In this case the creditor has two securities ;

one by bond, the other by mortgage. If he sues upon the former he cannot have interest beyond the penalty, but the mortgage is to secure payment not of the bond, but of the sum for which the bond was given, together with all interest that may grow due thereon. The same sum is therefore secured by different instruments, by a penalty, and by a specific lien. The creditor may resort to either; and if he resorts to the mortgage, the penalty is out of the question. The mortgage is not for that." The master had disallowed the interest beyond the penalty; and it was urged by leading counsel in that case, as in this, that the bond was the principal and primary security. The mortgage being not a new contract, but merely secondary and collateral to the bond, could not enlarge the debt, or in any way affect the original rights. This view was not sustained. I confess it appears to me there is much force in this argument, if the penalty is to be regarded not as a mere security for performance, but as a sum certain, in the nature of stipulated damages, to be paid and received in lieu of performance of the condition of the bond.

The peculiarity of the view of the English courts of equity is this, that so long as the principal and interest of the debt is less than the penalty, the penalty is regarded strictly as such, and the sum actually due can alone be recovered; but that it fixes the utmost amount which the obligor agrees to pay for the violation of his contract, and therefore defines the limit, beyond which the obligee cannot enforce his claim. Looking at the question as a mere question of equity, it will be found very difficult to assign a satisfactory reason why the obligee should be permitted to recover a larger amount upon the mortgage, which is a mere security for the bond, than he is permitted to recover upon the bond itself.

In *Pitts* v. *Tilden*, 2 *Mass.* 118, the plaintiff moved for judgment, the amount of the principal and interest exceeding the penalty of the bond. The defendants opposed entering judgment for more than the penalty of the bond. The court said, this had never been questioned, except in case of a

surety. It has been ruled so often in the case of the principal, that the point cannot now be brought into question. It rests on principles of law as well as of equity.

In *Baker* v. *Morris' Adm'r*, 10 *Leigh* 284, upon a bill exhibited in chancery for the recovery of a debt due upon *bonds* given by the defendant, the court decreed full interest upon the bonds exceeding the amount of the penalty.

In *Tazewell's Ex'r* v. *Saunder's Ex'r*, 13 *Graltan* 354, it was decided by the Court of Appeals of Virginia, upon a full review of the authorities, that a court of equity will decree interest upon a bond or judgment, beyond the penalty.

This whole subject was fully considered and decided by Chancellor Walworth in *Mower* v. *Kip*, 6 *Paige* 88, where it was held that upon a money bond the obligor was both legally and equitably liable for the whole amount of the principal and interest secured by the condition of the bond, though it exceeded the amount of the penalty; and where such debt is secured by mortgage, the mortgagee has a lien upon the land for the whole amount of the principal and interest, according to the condition of the mortgage, though it exceeds the penalty of the bond.

In the somewhat later case of *Cruger* v. *Daniel*, 1 *Mc-Mullan's Eq.* 157, the Court of Appeals of South Carolina, after a very elaborate argument, decided upon the authority of the English cases, that a mortgagee in equity cannot recover beyond the penalty of the bond which the mortgage is given to secure. " In the language of the cases," say the court, " the penalty is the entire debt, and the mortgage is only intended to secure that, and refers to the bond. On what principle would you give more than the debt?" As to the principal debtor in a money bond, said Chancellor Walworth, in delivering his opinion in *Mower* v. *Kip*, " the amount secured by the condition of the bond is the real debt, which he is both legally and equitably bound to pay. And if he neglects to pay the money when it becomes due, there is no rule of justice or common sense which should excuse him from the payment of the whole amount of the principal

and interest, whether it be more or less than the formal penalty of the bond." In this view I fully concur. For every other practical purpose, both at law and in equity, for more than two hundred years, the principal specified in the condition of the bond, with interest, has been regarded as the real debt, and the penalty the mere form by which the debt is secured. Why should it be regarded otherwise for the sole purpose of defeating the obligee of his just claim? It is resting in a mere technicality in utter disregard of the real nature of the transaction, the intention of the parties, and the ends of justice.

The exception should be overruled.