## Case No. 739.

### BAILEY v. LOEB et al.

[2 Woods, 578;[1] 11 N. B. R. 271; 2 Cent. Law J. 42.]

Circuit Court, M. D. Alabama. Jan., 1875.

BANKRUPTCY—CLAIM FOR RENT AFTER BANKRUPTCY—LIEN UNDER STATE LAW.

1. The bankrupts became the lessees of premises for one year, and were adjudicated bankrupt within two months after the beginning of the term: *Held*, that rent, which accrued after the adjudication, could not be proved or allowed as a debt against the bankrupt estate, [under the bankrupt act of March 2, 1867, (14 Stat. 517, c. 176.)]

2. Where the law of the state gave the landlord a lien upon the goods and chattels on the demised premises to secure the rent for one year, and the lessees were adjudged bankrupt before the end of the year: *Held*, that the landlord had no lien on the goods and chattels, for rent which accrued after the bankruptcy and after the premises were surrendered.

3. The law of Alabama (Rev. Code, § 2878) does not give the landlord a lien for rent upon goods and chattels of a tenant found upon the premises, held by lease for one or more years; but as between an execution creditor and the landlord, simply declares that the latter shall be entitled to priority of payment out of the proceeds of the goods, to the extent of one year's rent.

[On appeal from the district court of the United States for the middle district of Alabama.

[In bankruptcy. Application by Loeb & Brother for an order compelling Bailey, assignee of the bankrupts, Shulman, Frankferter & Co., to pay rent for certain prem-

¹ [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ises occupied by the bankrupts. The district court granted the order in part. Heard on the assignee's petition for a review and reversal of this decision. Granted, and order of district court annulled.]

At chambers.

This cause was a petition to review the action of the district court, [unreported,] sitting as a court of bankruptcy. The conceded facts were as follows: The defendants, Loeb & Brother, were the owners of a store room in the city of Montgomery. They leased the same to the bankrupts, Shulman, Frankferter & Co., for the term of one year, commencing on the first day of October, 1873, for a yearly rent of $1,800, payable in monthly installments of $150. A petition in involuntary bankruptcy was filed against the lessees on the 25th of November, 1873, and they were soon after adjudged bankrupts. At the date of the adjudication, they were the owners of a stock of goods which was upon the demised premises. The goods were seized by order of the bankrupt court, and remained on the premises until they were sold out by the assignee, who received the proceeds of the sale, which were more than enough to pay the rent for the entire year. The bankrupts did not occupy the store after they were adjudicated bankrupts; but it was occupied by the assignee from that date up to the 28th of January, 1874. After the last mentioned date, the assignee did not occupy the premises, nor did he let them to any other person. The rent of the store room was paid in full up to the time of the bankruptcy, and the assignee paid, as a part of the expenses of administration, the rent from the date of the bankruptcy up to the 28th of January, 1874. On that day he gave up the possession of the premises to the landlords, it being stipulated that they would not hold the assignee individually liable, upon any claim for rent, and the assignee agreeing that the acceptance of the premises by the landlords should not affect any rights or liens against the bankrupts' estate, which the landlords might have for the payment of rent to accrue after January 28th. Loeb & Brother claimed to have a lien upon the goods which were upon the premises at the time of the bankruptcy, for the eight months and three days' rent, from January 28th to October 1, 1874. They applied to the district court to order the assignee to pay out of the proceeds of the goods the said rent, amounting to $1,200. That court directed the assignee to pay them $600, and required the lessors to give up any further claim. The assignee, claiming to be aggrieved by the action of the district court, filed this petition and asked that the order of the district court might be reviewed and reversed. The defendants, Loeb & Brother, claimed that the rent which fell due after the 28th of January, 1874, was a debt provable against the bankrupt estate, and that under

the laws of Alabama, they had a lien for its payment upon the stock of goods which were stored upon the leased premises at the date of the bankruptcy, and that they were entitled to priority of payment out of the proceeds of the goods, for the rent up to October 15, 1874.

M. D. Graham and H. A. Herbert, for petitioner.

David Clopton, contra.

WOODS, Circuit Judge. The first question for decision is, can rent, to accrue in future, after an adjudication in bankruptcy, be proven and allowed as a debt against the bankrupts' estate?

The 19th section of the bankrupt act [March 2, 1867; 14 Stat. 525] (Rev. St. §§ 5067–5072) describes what debts may be proven, and it declares that no other debts than those specified in this section shall be proven or allowed against the estate. The case of rent falling due in the future, at fixed and stated periods, is specially provided for as follows: "When the bankrupt is liable to pay rent or other debt, falling due at fixed and stated periods, the creditor may prove for a proportionate part thereof up to the time of the bankruptcy, as if the same grew due from day to day, and not at such fixed and stated periods." The meaning of this clause admits of no doubt. In the case of rent falling due at fixed and stated periods, the creditor may prove his claim for so much rent as had accrued at the date of bankruptcy. For instance, if the rent is $1,200 per annum, payable in quarterly installments of $300, and at the close of the second month of a quarter the lessee is adjudged bankrupt, although there may be no rent yet due, nevertheless the landlord may prove his claim for $200, the rent accrued at the time of bankruptcy. But the last clause of the 19th section says, he shall prove for nothing more. So a proportionate part of debts, other than rent falling due at fixed and stated periods, may be proven in the same way. For instance, a business man has a manager or bookkeeper hired by the year, at a salary payable quarterly. At the end of two months he is adjudged bankrupt. His manager or bookkeeper may prove for a proportionate part of his salary up to the time of the bankruptcy, but he cannot prove for any part that may accrue and fall due after the bankruptcy. The clear purpose of the bankrupt act is, to cut off all claims for rent to accrue, or for services to be rendered, after the date of the bankruptcy. These views, so far as the question of rent is concerned, are supported by the following cases: Ex parte Houghton, [Case No. 6,725;] In re Webb, [Id. 17,315;] In re May, [Id. 9,325.] The only case I have found where a contrary view is taken is In re Winn, [Id. 18,117.] In the Case of Trim, [Id. 14,174,] cited by counsel for defendants, it does not appear whether

the landlord was allowed to prove for rent which accrued after the bankruptcy or not. The case of Longstreth v. Pennock, [Id. 8,488,] also relied on by defendants, only decides that the assignee should pay the rent up to the date of bankruptcy, and for such time as he actually occupied the premises after bankruptcy. It does not decide that a claim for rent after the bankruptcy is provable; for what the assignee pays for the time during which he occupies the premises is part of the expenses of administration, and is not paid as a debt of the bankrupt estate. In the case of Longstreth v. Fenner, [Pennock,] no rent was claimed or allowed beyond the time when the assignee delivered up the premises. The 19th section of the bankrupt act is so clear upon the point under discussion, that it would require very great weight of authority to show that the rent, falling due at fixed and stated periods after the date of the bankruptcy, could be proven as a debt against the bankrupt estate. The law says plainly that such a claim shall not be proven or allowed. I am, therefore, of opinion that the claim of Loeb & Brother, for rent falling due after the 28th of January, 1874, which was after the bankruptcy, and after the surrender of the premises by the assignee, cannot be proven or allowed as a debt against the bankrupt estate.

It seems to be a necessary consequence of this, that Loeb & Brother can have no·lien upon the assets of the bankrupts for any such claim. The bankrupt estate owes them nothing; they have no debt which the bankrupt estate is liable to pay. The existence of a lien upon the bankrupts' goods presupposes a debt which their goods are liable to pay. As there is no claim or debt, there can be no lien. The language of the 20th section of the bankrupt act [14 Stat. 526] seems to sustain this view. It is when a creditor has a lien on the real or personal estate of the bankrupt "for securing the payment of a debt owing to him from the bankrupt," that provision is made for preserving the lien. Rent to accrue in the future cannot be called a "debt owing." In fact it is well settled that it is not a debt at all, contingent or otherwise. Auriol v. Mills, 4 Term R. 94; Lansing v. Prendergast, 9 Johns. 127; Savory v. Stocking, 4 Cush. 607; Bosler v. Kuhn, 8 Watts. & S. 183; English v. Key, 39 Ala. 115. In the case last cited, it was held by R. W. Walker, J., that "except where it is payable in advance, no claim for rent arises until the lessee has enjoyed the premises for the whole time for which the payment of rent is stipulated to be made."

But even conceding that at the date of the bankruptcy there was a debt owing from the bankrupts to Loeb & Brother, on account of rent yet to accrue, which might be proved and allowed against the bankrupt's estate, is it a fact that under the laws of Alabama, such debt was secured by a lien upon the goods of the bankrupts found upon the leased prem-

ises? The statute under which Loeb & Brother claim their lien declares that "no execution must be levied on goods or chattels in possession of, and upon the premises of a tenant, held by lease for one or more years until the rent due, or to fall due during the current year, is paid or tendered to the landlord; * * * and the sheriff executing the writ must levy and sell as well for the repayment of the rent so tendered as for the satisfaction of the execution." Rev. Code Ala. § 2878. Clay's Digest of Laws of Alabama (page 506, § 3) contains a similar provision applicable to crops. It declares that "the crop grown on any rented land in this state shall not be taken by virtue of any execution, or removed off the premises of any such rented land, unless the party so taking the same shall, before removal of the crop from such premises, pay or tender to the landlord or lessee thereof all money due for the rent of said premises at the time of taking such crop in execution; provided such rent or arrears do not amount to more than one year's rent; * * * and the sheriff, or officer levying the same, is hereby empowered and required to levy and pay to the plaintiff, as well the money so paid for rent as the execution money." This last cited law has been construed by the supreme court of Alabama. In Frazier v. Thomas, 6 Ala. 169, it was held that this law did not give the landlord a lien upon the crop raised on rented land; it merely declared that, as between the landlord and an execution creditor, the former should be entitled to preference to the extent of one year's unpaid rent. See, also, Whidden v. Toulmin, 6 Ala. 104. I am unable to distinguish any material difference between the two statutes cited. If the latter does not give a lien, neither does the former. The ruling of the supreme court of Alabama, just cited, is followed in North v. Eslava, 12 Ala. 240, and Denham v. Harris, 13 Ala. 465. However much these rulings may be opposed by high authority, they are a construction of a law of this state which this court feels bound to follow. As there was no execution levied in this case, I am of opinion that Loeb & Brother did not acquire any lien for rent on the goods of the bankrupt found on the demised premises. On all grounds, therefore, their claim to priority of payment, out of the proceeds of said goods, should be disallowed. The result is, that the district court fell into error in recognizing the claim and lien of Loeb & Brother for $600. The order of the district court complained of is therefore annulled, and the claim and lien of Loeb & Brother disallowed.

[NOTE. For the operation of state laws under the bankrupt act, see Marshall v. Knox, 16 Wall. (83 U. S.) 551; Austin v. O'Reilly, Case No. 665; Wylie v. Smith, Id. 18,110; In re Joslyn, Id. 7,550; In re McGrath, Id. 8,808.]