12   601
137   214

## DULANY v. DICKERSON.

1. An action for money had and received, cannot be maintained by a landlord, against a purchaser from the tenant, of the crop grown on the rented land, but he may maintain attachment, under the statute, if the purchaser had knowledge of the *lien* of the landlord. Whether he might not also maintain an action on the case under such circumstances, *quere.*

Error to the Circuit Court of Talladega.

THE plaintiff sued the defendant before a justice of the peace, and obtained judgment, from which the defendant appealed to the circuit court, where the plaintiff declared in assumpsit. On the trial in that court, the following facts were in evidence. The plaintiff's demand was for the rent of land, for which he was to receive a part of the crop from one Wilson, the tenant. That Wilson sold the crop to the defendant, who removed it from the premises, without paying the rent due for that year, and that the plaintiff had sued Wilson, and recovered a judgment for the rent, which judgment was still in force, but that Wilson was insolvent.

Upon this evidence, the court charged the jury, that if Dulany had brought suit, and recovered judgment against Wilson, the tenant, although the judgment was unproductive, yet having elected to sue the tenant, he could not afterwards resort to his statutory remedy against Dickerson; and that upon the above facts, they must find for the defendant. This charge was excepted to, and is now assigned as error.

MORGAN, for plaintiff in error.

1. Tort may be the ground of assumpsit, and will support the action, where there is a contract expressed or implied, and the property is sold by the defendant, or converted to

his use. [10 Ala. Rep. 248; 5 Greenl. 323; 3 Dana, 552; Clay's Dig. 506, § 3.]

2. The statute gives a remedy in favor of a lessor against a lessee about to remove the crop from the premises, but is silent as to the remedy against any other person after it is removed by him, and it cannot affect the plaintiff's right that he elected to proceed at common law—both parties were bound for the rent to the plaintiff at any time they had the same in possession, respectively—the ground of the action here is the tortious interference with the plaintiff's lien, and it is not necessary that the relation of principal and surety should obtain between Dickerson and Wilson, (lessee,) to give the plaintiff a right of action. Dickerson became bound of his own wrong, for the value of the rents, by taking them from the premises, and the recovery against Wilson should not, at all events, bar a recovery against Dickerson, unless there was a *satisfaction* of the judgment against Wilson.

If Dickerson had pleaded a recovery and satisfaction against Wilson, by plaintiff, *puis darrein*, he could not have had judgment for costs against the plaintiff here. The judgment against Wilson was not for the condemnation of particular property; it was for a sum of money due, and there is nothing in the suit against Dickerson incompatible with the attempt to recover by action of assumpsit against Wilson the *amount* due for the rent, there being no lien of attachment, or satisfaction of the demand, to render the subsequent suit incompatible with the former. [J. W. & R. Leavitts v. Smith, 7 Ala. 183.]

3. There is no such thing as a man's waiving his right of action, when once a wrong has been committed, and the acceptance of goods converted does not bar an action for the conversion. [Ib. 182.]

L. E. Parsons, contra.

1. The lien of the landlord does not give him such an interest in the crop as will enable him to sustain assumpsit for the value of the "rent cotton." A lien is said to be a right to have satisfaction of a debt out of a particular fund. But until the possession is changed, neither trover nor trespass could be maintained for an injury done to the goods. An ex-

ecution in the sheriff's hands creates a lien on the defendant's goods; yet the sheriff cannot maintain an action for any injury done to them, until after he has levied. An action on the case, by the party having the right, would be the proper remedy. But an action of assumpsit for rent will not lie at common law, except upon an express promise. [Bell v. Ellis, 1 S. & P. 294.]

2. But in this case the lien was lost by the landlord's election to pursue his tenant, Wilson, as a debtor, in the usual manner; and this act was well calculated to mislead the defendant in error, as it did in fact. It was equivalent to an agreement to look to the personal credit of his debtor. [Bailey v. Adams, 14 Wend. 201.]

ORMOND, J.—The case of Thompson v. Spinks, at the present term is a decisive authority, that this action cannot be maintained. In that case the landlord brought trespass against a sheriff, who had levied an execution against the tenant, on cotton produced on rented land, which the tenant had removed off the premises, without paying the rent. It was held he could not maintain trespass, because he had no property, either general or special, in the cotton, but merely a *lien* upon it, for the payment of the rent, and that not having either the actual possession, or the general property, which would draw to it the right of possession, he could not maintain trespass.

If then, the taking under such circumstances is not a trespass upon the landlord, it is difficult to perceive upon what principle an action of assumpsit, for money had and received would lie. When a trespass is committed upon the personal property of another, he may sue in trespass for the damages, or waiving the *tort* he may affirm it, and recover as upon a contract. But here there was no *tort* committed upon the plaintiff, nor was there any contract, either express or implied, on the part of the purchaser from the tenant, to pay the rent, and upon no principle, with which we are acquainted, could assumpsit be maintained to recover the value of the rent.

The statute gives the landlord an effectual means of recovering his rent, by declaring a *lien* upon the crop, forbidding its removal until the rent is paid, and giving the right

to levy an attachment upon it, which may doubtless be done, though the crop has been removed, and is in the hands of a purchaser from the tenant, if he purchased with knowledge of the *lien* of the landlord. It is possible he may also by action on the case, pursue it under such circumstances in the hands of the purchaser, and thus enforce his *lien*, but he cannot maintain assumpsit against him. Nor are we prepared to say, that an unsatisfied judgment against the tenant for the rent, would interpose any obstacle to such an action. However this may be, it is clear the court correctly charged the jury, they should find for the defendant, as there could be no recovery against him upon the facts, in this form of action.

Judgment affirmed.