## SCOTT *v.* WARD.

A note given on a claim which would authorize a mechanics' lien was indorsed by the payee in blank: held that if the indorsement indicated the belief that the note had been negotiated, the plaintiff should be permitted to prove the contrary.

The acceptance of a note is not a waiver of a mechanics' lien; but if such note should be actually negotiated, the lien would be lost.

### *Appeal from Muscatine District Court.*

*Opinion by* GREENE, J. This suit was commenced by Scott against Ward, in the district court, for a mechanics' lien. Trial by jury waived. A general judgment rendered in favor of plaintiff, but the mechanics' lien was refused. Plaintiff appealed, and claims that the lien should have been granted.

It appears that on settlement for the work and materials, Ward gave his notes to Scott; that these notes, on being produced in court appeared to have been indorsed in blank by Scott, but the indorsement had been erased. The plaintiff offered to prove that the notes had not been negotiated by him and that they had been at all times under his control. Upon this point the court declined proof, and decided that as the notes appeared to have been outstanding, the lien should not be granted. We think the court erred in refusing to receive the evidence, and in deciding against the lien. If the erased indorsement induced the belief that the note had been negotiated, the plaintiff should have been permitted to prove the contrary. If the note had been negotiated, or had passed from plaintiff's control to the ownership of another, the lien given by statute would be lost. Such transfer would be regarded, at law, as a waiver of the lien. Hence, the court should have admitted proof that the note had not been thus disposed of.

The court also erred in deciding that an outstanding note for the work or materials would preclude the lien. It has repeatedly been decided by this court that the acceptance of a note is not a relinquishment of a mechanics' lien. *Greene & Bro.* v. *Ely*, 2 G. Greene, 508; *Mix* v. *Ely*, *ib.* 513; *Hawley* v. *Ward*,* decided at this term.

We conclude, then, that an outstanding note for work and materials which entitles the party to a lien, does not operate as a forfeiture of the lien, unless such note has been actually negotiated or transferred to another party. A blank or erased indorsement is by no means conclusive that the note had been negotiated. As the court below erred in refusing the lien, a judgment will be rendered in this court in favor of plaintiff and the lien granted.

Judgment reversed.

*S. Whicher*, for appellant.

*W. G. Woodward* and *H. O'Connor*, for appellee.