## HAM *v.* STEAMBOAT HAMBURG.

An action against a steamboat, under chapter 120 of the Code, is a proceeding *in rem*.

In order to give the court jurisdiction in such cases, it is necessary that the warrant issue, and seizure of the boat be made, as required by section 2121 of the Code.

When a new and special right or power is given, and its mode and circumstances are prescribed, these must be obeyed substantially.

And where a proceeding was commenced against a boat, and the notice was returned, with the following service : "Served, this 12th day of June, 1855, the within notice on the within named steamboat Hamburg, by reading the within notice to Capt. Estes personally, who is at present master of said boat, and by leaving with him a copy of the written notice ;" and where no warrant was issued, and there was no evidence that the boat was taken into the possession of the officer ; *Held*, That the court properly dismissed the action, on motion, on the ground that the boat was not attached in accordance with law.

### *Appeal from the Dubuque District Court.*

THIS is an action against the steamboat Hamburg, for supplies furnished her. The supplies were furnished in St. Louis, state of Missouri. The action was brought in Dubuque county, Iowa. The notice is returned with the following service : "Served, this 12th day of June, 1855, the within notice on the within named steamboat Hamburg, by reading the within notice to Capt. Estes, personally, who is at present master of said boat, and by leaving with him a copy of the within notice." No warrant issued, and none was served, and there is no return nor evidence that the boat was taken into the possession of the officer. The action was dismissed, upon motion, assigning the cause that the boat was not attached in accordance with the act in such case made and provided.

*Wiltse & Blachly*, for the appellant.

*Trip & Pollock*, for the appellee.

WOODWARD, J.—The Code, chapter 120, provides that any boat found in the waters of this state, is liable, first, for debts contracted by the master, owner, agent, clerk, or consignee, for supplies furnished for the use of the boat, or work done, or materials furnished, in building, fitting out, furnishing, or equipping such boat. The action is brought under this, the first clause of section 2116. The petition must be sworn to and filed with the clerk (or justice), who shall thereupon issue a warrant to the officer, commanding him to seize the boat, &c., and detain the same, until released by due course of law. She may be released before judgment, upon a proper bond being given, as in the case of the attachment of personal property. Any person interested in the boat, may appear, either personally or by attorney, and defend. Besides the warrant and seizure of the boat, " the usual notice shall also be issued, directed to the boat by name, and served upon the master, owner, agent, clerk, or consignee; and if none of them be found, by posting a copy in some conspicuous part of the boat. The warrant shall be served according to the direction it contains." Section 2122.

The plaintiff contends, that the warrant and seizure were for his security and benefit, and may be waived. The defendant contends, that they are essential to confer jurisdiction. We are inclined to the latter opinion. The plaintiff may sue the owners in the usual manner. But, on account of the difficulty of finding out the owners, and of reaching them, and the nature of the business of boats leading them to pass from one part of the country to another, the statute permits a party to sue the boat itself, by its name. It then becomes a proceeding *in rem*, perhaps strictly so. It is certainly more so, than a suit commenced by attachment against a non-resident. It is very similar to admiralty proceedings against vessels, for wages, &c. In such cases, the thing must be within the reach of the court, and in the custody of the law. In *Paine* v. *Mooreland*, 15 Ohio, 435, the court say : " A court acquires jurisdiction by its process. If the process of the court be executed upon the person or thing,

concerning which the court are to pronounce judgment, jurisdiction is acquired. The writ draws the person or thing within the power of the court; the court once having by its process, acquired power to adjudicate upon a person or thing, it has what is called jurisdiction. This power or jurisdiction, is acquired only by its process. To give jurisdiction, is the object of process." In a case like the one at bar, the principal process is the warrant, by which the boat is taken, and thus is brought within the jurisdiction of the court. The service upon the master, agent, &c., is not the essential, for if they are not found, the notice may be posted up in the boat, which, of itself, contemplates a seizure, and this is analogous to the case of an attachment against a non-resident. In such case, the attachment is the essential, and publication may be made for the person.

In the case at bar, it does not appear that the boat was even "found in the waters of the state." The usual notice, under section 2122, is served on the master of the boat, but the boat may be in Louisiana, for aught that appears. It may strike the mind as strange, that a seizure is essential, but it would be still more strange to the legal view, if the court could take jurisdiction, when neither person nor boat, was shown to be within its jurisdiction. And another rule has force here. When a new and special right or power is given, and its mode and circumstances are prescribed, these must be obeyed substantially. Such is the law of mechanics' liens, which is a new remedy; and so it is of these remedies against boats.

Judgment affirmed.