Strother v. The Steamboat Hamburg.

---

## STROTHER v. THE STEAMBOAT HAMBURG.

1. DEMAND AND LIEN ASSIGNABLE. A demand against a steamboat for supplies furnished thereto, may be assigned; and an assignment of such a claim transfers to the assignee the statutory lien upon the boat, its apparel, &c.
2. CONSTRUCTION. The provisions of the Code of 1851 are liberally construed when such construction is necessary to carry out the general purpose and spirit of the law.

*Appeal from Clinton District Court.*

SATURDAY, OCTOBER 6.

THIS action was brought to recover for supplies furnished to, and to enforce a lien against, the defendant therefor. The supplies were furnished by Games & Co., and the claim therefor, by them assigned to plaintiff. As will be seen by -the opinion, the only question in the case is, whether the assignee of the account has a right to such lien. The court below held that he had, and defendant appeals.

*James M. McCoy* for the appellant.

I. This action was not brought to enforce a common law right, for proceedings against personal property *in rem* is not known to the common law. The word *lien*, at common law, imports possession in the party making the claim of the thing claimed. 6 Am. L. Reg. 628; Abb. on Ship. part 3, chapter 1 section 7; *Case of Luckbarrow*, 6 East. 21; *Hammond* v. *Burcley*, 2 Ib. 227, 235.

II. George C. Strother cannot maintain in his own name an action *in rem* against the defendant, a steamboat, for supplies furnished by John C. Games & Co., the claim for which has been assigned to the said Strother. The lien in favor of Games & Co. could not be assigned. 9 Mo. 66; *Case of Revenue Cutter*, No. 1, 21 Law. Rep. 281; *Pearson* v. *Tincker*, 36 Maine 384.

*William E. Leffingwell* for the appellee, relied upon sections 2116, 2117, 2121, 952, Code of 1851.

BALDWIN, J.—The statute provides that any boat found in the waters of this State, is liable for debts contracted on account of supplies furnished for its use; that such claims are liens upon the boat, its apparel, &c.; that such actions must be brought within one year from the time the cause thereof accrued; that the lien attaches from the commence-

ment of the suit; that the petition must be in writing, sworn to and filed; that thereupon the clerk or justice shall issue a warrant to the proper officer, commanding him to seize, &c. Code, chapter 120, sections 2116, 17, 19 and 21.

This has been regarded as a new or special right, given by statute, and as such the remedy must be followed substantially in the mode prescribed in such statute. According to the general rule governing the construction of statutes in derogation of the common law, it should be strictly construed; yet, under the Code, it is to receive such construction as shall assist in carrying out the general object and purpose of the remedy intended. *Steamboat Kentucky* v. *Lewis*, 1 G. Greene 398; *Newcombe* v. *Steamboat Clermont*, No. 2, Ib. 295; *Ham* v. *Steamboat Hamburg*, 2 Iowa 460.

It is insisted by appellant that the remedy intended by this statute is personal, designed for the benefit of the party furnishing the supplies alone, and that the lien given thereby cannot be transferred by the mere assignment of the account. We incline to the opinion that the statute is not thus limited in its operations and benefits, and that the plaintiff was entitled to the lien claimed. We are referred to the analogy between this statute, and ch. 44 of the Code, on the subject of mechanic's liens, and in the same connection to *Scott* v. *Ward* 4 Greene 112. In that case, it was held that the transfer of the claim due a mechanic, and for which a mechanic's lien was sought upon a building, would be regarded as a waiver of such lien. We think there is an important difference in the two statutes. The one giving a lien on boats, says: " Claims growing out of any of the above causes (including those for supplies furnished) are liens upon the boat." Chapter 64, regulating mechanics' liens, provides that: " Every person who, by virtue of a contract with the owner, &c., has a lien upon the land, &c." Not only so, but the chapter giving actions against boats, provides that *they are liable for all debts* contracted by the master, &c., on the account of supplies, &c., and then, as we have seen, these

debts are made liens.　Suit may be brought against the boat by name, for the debt, and the lien established; or the party may waive this right and sue as at common law, the owners of such boat, or those contracting for such supplies.　Section 2129.　In either case, the account for the supplies may be transferred so as to vest in the assignee the right to sue in his own name, (section 952) and the lien follows the debt when it is sought against the boat.　It is the debt for which the boat is liable.　It is this debt or this claim which is a lien upon the boat, and it makes no difference whether the debt or claim is owned by the original creditor or his assignee.　The statute gives the lien not to the person furnishing the material, as in case of a mechanic's lien, but for the *debt or claim*, and makes the boat liable not to such person furnishing supplies, but for debts contracted for supplies.

Judgment affirmed.