## Blum *v.* Jones.

### *Action for Money Had and Received.*

*When landlord cannot maintain action against purchaser of crop from tenant.* — The landlord cannot maintain an action for money had and received, against one who, with knowledge of his statutory lien on the tenant's crop (Rev. Code, §§ 2961–63), and of the non-payment of the rent, purchases the crop from the tenant, and sells it.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

This action was brought by Mrs. Frances A. Jones against Edward Blum. The original complaint contained a special count, which was struck out by amendment, and the common count for money had and received; and the cause was tried on issue joined on the plea of the general issue. The plaintiff sought to recover from the defendant money arising from the sale of cotton, which he had received from one Hereford, who was the plaintiff's tenant, and had sold before the commencement of the suit. The court charged the jury, at the request of the plaintiff, that if the defendant bought the cotton from Hereford, " with knowledge that the rent agreed to be paid was unpaid, and had sold said cotton when this suit was commenced, the plaintiff was entitled to recover the amount of rent that was unpaid, provided the cotton sold for enough to pay it; and, if not, then the sum for which said cotton was sold." This charge, to which the defendant excepted, is now assigned as error, together with other rulings which require no particular notice.

[Blum v. Jones.]

SAYRE & GRAVES, for the appellant, cited and relied on *Dulany* v. *Dickinson*, 12 Ala. 603 ; *Thompson* v. *Spinks*, 12 Ala. 155 ; *Governor* v. *Davis*, 20 Ala. 369 ; *Dawes* v. *Rogers*, 15 Mass. 397.

BLAKEY & FERGUSON, *contra.* — The case of *Thompson* v. *Merriman* (15 Ala. 166) in effect overrules *Dulany* v. *Dickinson* (12 Ala. 603), and decides that, if the property remains *in specie*, an action on the case is the proper remedy ; but, if it has been converted into money, an action for money had and received may be maintained. This is a liberal action, and lies whenever the defendant has money which, *ex æquo et bono*, belongs to the plaintiff. *Br. Bank* v. *Parish*, 20 Ala. 433 ; *Wilson* v. *Sargeant*, 12 Ala. 778 ; *Stewart* v. *Conner*, 9 Ala. 803 ; *Cameron* v. *Clarke*, 11 Ala. 259 ; *Strickland* v. *Burns*, 14 Ala. 511 ; *Hill* v. *Kennedy*, 32 Ala. No privity of contract is necessary to the maintenance of the action. *Thompson* v. *Merriman*, 15 Ala. 166 ; *Huckabee* v. *May*, 14 Ala. 263. The fair construction of the statute is, that the landlord's lien may be enforced against the tenant, or against any one holding the crop in his right, or against a purchaser from him with notice of the lien. A lien may be created by law, or by express contract between the parties. 2 East, 235 ; 2 Bouvier's Law Dic. 46. It attaches to the property, clings to it, and follows it into the hands of any person who has notice of the lien. The right does not depend on the remedy by attachment, which is merely cumulative.

B. F. SAFFOLD, J. — The complaint, amended by striking out the first count, shows a suit in assumpsit for money had and received, brought by the appellee against the appellant. The ground of the action is, that the defendant purchased cotton from the plaintiff's tenant, with knowledge of her lien as landlord, and appropriated it to his own use, when there had been no payment or no satisfaction of her rent. The court charged the jury that, under the facts thus stated, if the defendant knew the rent had not been paid, and had sold the cotton when the suit was instituted, the plaintiff was entitled to recover the amount of rent unpaid, or the price for which the cotton sold, if less than the rent due.

This charge is in conflict with the decision of *Dulany* v. *Dickinson*, 12 Ala. 601. The court there said, that *Thompson* v. *Spinks* (12 Ala. 155) was a decisive authority against the maintenance of the action ; that the landlord's lien was not such a right of possession or property as would support trespass, and, consequently, a waiver of the tort, and recovery as upon contract ; that as no tort was committed on the plaintiff,

and no contract, express or implied, to pay the rent could be raised against the purchaser from the tenant, assumpsit could not be maintained to recover the value of the rent. *Thompson* v. *Merriman* (15 Ala. 166) is not contradictory of this, because the law required the sheriff to pay the landlord as much as one year's rent, as the condition upon which he might take the goods. This requisition is the very essence of the implied promise.

The statute, in giving the lien, prescribes the manner of its enforcement, to wit, attachment to be levied on the crop in the possession of the tenant, or any one holding it in his right, or in the possession of a purchaser from him with notice of the lien of the landlord. R. C. §§ 2961, 2963 ; *Hunter* v. *Morrison*, at June term, 1873.

The *quere* in *Dulany* v. *Dickinson, supra*, may have been suggested by a thought of the purchaser from the tenant disposing of the property before the attachment could be levied, with a view to defeat the landlord. If a case of disregard of the landlord's rights, and fraudulent contrivance to prevent their enforcement, were shown, I think an action on the case would lie. But to hold that the landlord's lien was such as a mortgage or execution would give, or as the vendor's lien upon land is, would too seriously embarrass the sale of agricultural products, which are produced chiefly for sale and consumption, and are generally perishable in their character, and difficult of identification.

The judgment is reversed, and the cause remanded.