# Westmoreland & Trousdale *v.* Foster.

*Bill in Equity by Assignee of Note given for Rent, against Purchaser of Tenant's Crop, to enforce Statutory Lien.*

1. *Landlord's lien for rent, on tenant's crop; assignment of note.*—The landlord's statutory lien on his tenant's crop, for the rent of the current year (Code of 1876, §§ 3467 *et seq.*), exists independent of the remedy by attachment given to enforce it, and passes by an assignment of the note.

[Westmoreland & Trousdale v. Foster.]

2. *Same; assignee's remedies.*—The assignee of a note, given for the rent of land, may maintain an action for money had and received, against a purchaser of the tenant's crop, who, having bought with knowledge of his lien, has sold the crop, and received the proceeds of sale ; and he may also maintain a bill in equity against such purchaser, notwithstanding his remedy at law.

3. *Same; rights of reversioner and assignee.*—If, before the maturity of the note given for the rent, the reversion of the freehold has passed to another, the rent also passes to him, as an incident of the reversion, notwithstanding the assignment of the note.

4. *Note payable to husband, " trustee," &c.*—When a note is taken by the husband payable to himself, with the words added, "trustee for Mrs. S. J. F.," his wife, the superadded words are mere *descriptio personœ*, and are not sufficient to show that the note belongs to his wife.

5. *Transfer of note given for the rent of wife's lands.*—A promissory note, given for the rent of the wife's lands, and payable to the husband, belongs to him, and may be transferred by him without the signature or concurrence of his wife.

6. *Constructive notice of landlord's lien, by recitals of replevin bond.*—When an attachment is sued out to enforce an asserted landlord's lien, and is levied on the tenant's crop, which is thereupon replevied; and the replevin bond recites the issue of the attachment, and its levy on the crops grown on the lands, which are described; these recitals are sufficient to charge a surety on the bond with constructive notice of the claim asserted by the plaintiff in the suit.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 17th March, 1875, by the appellants, suing as partners, against Robert C. Foster and George W. Foster, Jr.; and sought to hold the said Robert C. Foster accountable, as trustee, for the proceeds of the sale of forty-three bales of cotton, which he had received from said George W. Foster, Jr., and which the latter had raised on rented land ; the complainants claiming as assignees of the note given for the rent, and charging that said Robert C. Foster had notice of their rights when he received the cotton. According to the allegations of the bill, "George W. Foster, Sr., as trustee for Sarah J. Foster," leased certain lands, known as the "Oak Grove place," to said George W. Foster, Jr., who executed his note, or obligation, for the rent, of which the following is a copy :

"$2,000. Courtland, Ala., June 1st, 1873.

"On or before the 1st day of January next, I promise to pay G. W. Foster, trustee of Mrs. Sarah *A.* (?) Foster, two thousand dollars, for the rent of Oak Grove plantation in Lawrence county, Alabama, near Courtland, for the year 1873. Given under my hand and seal, value received.

"GEORGE W. FOSTER, Jr. [SEAL.]

On the 12th June, 1873, " said lease, with all the benefits, rights, rents, and privileges thereunder, was transferred and assigned, for valuable consideration," to complainants, "as evidenced by the following indorsement thereon :" "For

(29)

[Westmoreland & Trousdale v. Foster.]

value received, I assign this" [note?] "to Westmoreland & Trousdale, June 12, 1873;" which was signed thus: "*George W. Foster, for Mrs. S. J. Foster, his wife.*" The bill alleged, also, that said complainants, "by virtue of said assignment, became subrogated to all the rights and privileges of said George W. Foster, Sr., in respect to said plantation, and thereby became, in fact and in law, the landlords of said plantation, and said George W. Foster, Jr., thereby became their tenant, and they had and have, by virtue of said assignment, a lien on all the crops raised on said plantation, and on the cotton hereinafter mentioned, which was taken possession of and used by said Robert C. Foster;" that said George W. Foster, Jr., "was duly notified, and had full knowledge, long before said rent became due, that said rent belonged to complainants, and that they had been subrogated to all the rights of said George W. Foster, Sr., under said lease, and that said lease had been assigned to them; and he never repudiated or denied the same, but frequently acknowledged the rights of complainants thereunder, and promised full payment of said rent to them; and said rent for said land is now due and unpaid, and said George W. Foster, Jr., is in default. Complainants further show and charge that, on or about the 12th December, 1873, the said Robert C. Foster took and appropriated to his own use the whole of the crop of cotton raised on said place, to-wit, forty-three bales, appropriating the proceeds of said cotton to the payment of a debt which said George W. Foster, Jr., owed him. At the time of said Robert C. Foster's taking possession of said cotton, and using it as aforesaid, he knew that said George W. Foster, Jr., was indebted to your orators, as before shown, for the rent of said plantation, and that your orators had a lien on said crop, known as the landlord's lien, and that said lien on the crop raised on said plantation belonged to them, under and by virtue of said assignment of said note, and that said rent was unpaid; and your orators charge and allege that said Robert C. Foster is liable to account to them, as trustee, for the proceeds of said crop of cotton, to the extent of their said rent, with interest thereon. The premises considered, your orators pray that said Robert C. Foster and George W. Foster, Jr., be made parties defendant to this bill, by the proper process of this court; that your honor will decree that they are liable to account to your orators for said rent of said plantation, and that a decree be rendered against them for the amount thereof, with the interest thereon;" and for other and further relief, &c.

The foregoing are all the allegations of the bill. The note was made an exhibit to it. Answers under oath were waived.

[Westmoreland & Trousdale v. Foster.]

The defendants filed separate answers; each demurring to the bill, for want of equity, because the assignment of the note to the plaintiff did not carry with it the landlord's statutory lien for the rent; and because the note was assigned by the husband alone, without the concurrence or signature of his wife, while the note showed on its face that it was given for the rent of lands belonging to the wife's separate estate ; and each pleading, in bar of the relief sought by the bill, the proceedings had in a certain attachment suit at law, brought by the plaintiffs as the assignees of the note given for the rent. In said attachment suit, the plaintiffs claimed and asserted the statutory lien given to a landlord for the rent of the current year, and sued out an attachment to enforce it against the cotton for which they sought to hold the defendants liable in this suit; but this court held, on appeal, that the attachment was given only to the landlord, and could not be sued out by his assignee.—See the report of the case, *Foster v. Westmoreland & Trousdale*, 52 Ala. 223.

George W. Foster, Jr., admitted that he had notice, before the maturity of the note given for the rent, that it had been assigned to the complainants ; but Robert C. Foster denied that he had any notice of their claim, when he received and sold the cotton ; and in reference to the circumstances under which he received and sold the cotton, he stated these facts : When the cotton was seized by the sheriff under said attachment, the said George W. Foster, the defendant in the attachment, desired to replevy it, and induced Robert C. Foster to become his surety on the bond, by agreeing to place the cotton in his hands as indemnity, under a written conveyance specifying the terms under which it was held ; which conveyance being executed, and the cotton delivered to him, he signed the bond, and held the cotton until the termination of the attachment suit, and then sold it ; and the proceeds of sale not being needed to indemnify the sureties on the replevin bond, he applied the money to the payment of a debt due to himself and another person, according to the terms of the conveyance. "Respondent further states, that he knew nothing of any demand of complainants on said George W. Foster, Jr., for the rents of said plantation, nor did he know upon what grounds or claim said suit had been brought, at the time he signed said bond. When said George W. Foster, Jr., called on respondent, he seemed to be in trouble, and stated that Westmoreland & Trousdale had attached his cotton, and he was compelled to replevy it by bond, or be greatly injured ; and to induce respondent to go on his bond, he offered to put the control of the cotton in his hands," &c., as above stated.

The conveyance under which the cotton was thus turned over to said Robert C. Foster, and the replevin bond, were made exhibits to his answer. The condition of said bond was as follows : " The condition of the above obligation is such, that whereas a writ of attachment, issued by E. P. Shackelford, justice of the peace of said county, at the suit of Westmoreland & Trousdale, against George W. Foster, Jr., to be levied on the crop grown by said Foster on a plantation in Lawrence county known as the 'Foster plantation,' returnable to the February term, 1874, of the Law and Equity Court of Lawrence county, for the sum of $2,000, has been placed in the hands of W. T. Simmons, sheriff of Lawrence county, and has been by him levied on the following property," &c., specifying the names of a number of persons, tenants on the place, and the number of bales levied on in the possession of each ; " and whereas the said property has been delivered to the said George W. Foster, Jr., on his entering into this bond : Now, if the said Foster shall fail in said action, he or his securities shall return the specific property attached and above described, to the sheriff of Lawrence county, within thirty days after judgment in said suit, then this obligation is to be void," &c.

The cause having been submitted to the chancellor on pleadings and proof, he held that the bill contained no equity, and therefore dismissed it, without considering any other questions in the case; and his decree is now assigned as error.

PHELAN & WHEELER, with E. A. O'NEAL, for appellants.— 1. The landlord's lien is the creature of the statute, and grows out of the contract.—*Dulaney v. Dickinson*, 12 Ala. 601; *Governor v. Davis*, 20 Ala. 366 ; *McKinney v. Benagh*, 48 Ala. 358; *McDonald v. Morrison*, 50 Ala. 30. Although the remedy by attachment is given only to the landlord, the lien passes with the assignment of the note, according to all the analogies of the law, as shown in the cases of vendor's liens, mortgages, "crop liens," and similar statutory liens.—See cases cited in 2 Brickell's Digest, 257, 515 ; *Steamboat Battle v. Waring*, 39 Ala. 180 ; *Harrison v. Marshall*, 6 Porter, 65 ; *Haden v. Walker*, 5 Ala. 86 ; *Strother v. Hamburg*, 11 Iowa, 59 ; *Tripp v. Brownell*, 12 Cush. Mass. 376; *Abraham v. Carter*, at the last term. All liens created by statute, without possession, have the effect of liens at common law accompanied with possession, and enure to the benefit of an assignee.—*Fowler v. Rapley*, 15 Wallace, 328 ; *Johnson v. Smith*, 11 Humph. 396. As a general rule in equity, the assignment of debt carries with it any lien or collateral security.— *Waller*

*v. Tate*, 4 B. Mon. 529; *Farmers' Bank v. Fordyce*, 1 Penn. St. 248; 2 Story's Equity, § 1047*a*.

2. If the lien passed to the complainants by the assignment, then, having no remedy at law for its enforcement, they were entitled to come into equity to enforce it.—1 Story's Equity, §§ 684, 454, 1254-58; 2 Parsons on Contracts, 285; *Price v. Pickett*, 21 Ala. 741. When property is transferred, which is subject to a lien or trust, the lien or trust follows it into the hands of the assignee, and equity will enforce it against him.—*Shepherd v. Taylor*, 5 Peters, 675; *Butt v. Ellett*, 19 Wallace, 344. Even though an action for money had and received might be maintained at law, this does not oust the jurisdiction of equity.—*Waldron v. Simmons*, 28 Ala. 629; *Carlisle v. Wilson*, 13 Vesey, 278.

3. The note shows on its face that it was given for rent; and even if the lands belonged to the wife, the statute gives the rents, income, and profits to the husband, and he might assign the note.—Rev. Code, § 2372.

E. H. FOSTER, with R. O. PICKETT, *contra*.—1. The landlord's lien, and remedy by attachment, are the mere creature of the statute, and can not be extended by construction beyond its terms.—*Foster v. Westmoreland & Trousdale*, 52 Ala. 223; 20 Ala. 189, 544; 19 Ala. 43; 5 Ala. 239; *Wann v. Carter*, 45 Ala. 348. No case can be found, in which a mere statutory lien has been enforced in equity, as a trust: on the contrary, when a statute creates a right, and gives a specific remedy for its enforcement, that remedy is exclusive.

2. No case is made out against Robert C. Foster. He denies that he had any notice of the complainants' rights, and there is no proof of notice to him.

3. The note is payable to the husband, as trustee of his wife; which shows a gift to her, and renders void an assignment by him alone.—*Lyle v. Clements*, 49 Ala. 445.

4. The bill shows that the complainants had an adequate remedy at law, by action on the case.—Sedgwick on Damages, 6th ed., 601, 662, and notes.

STONE, J.—Section 3467 of the Code of 1876, and sections following, are the same as sections 2961 *et seq*. of the Revised Code, as amended by the act approved March 8th, 1871 (Pamph. Acts, 19), the act approved March, 1875 (Pamph. Acts, 254), and the act approved February 9, 1877 [Pamph. Acts, 74). The rights of the present parties must be determined by the act of 1871, because the renting was for the year 1873, before the enactment of the statute of March 18,

1875. That statute declares, that "a landlord has a lien on the crop grown on rented lands, superior to all other liens, for rent on  .  . said lands." It then proceeds to give process of attachment for the enforcement of such lien, in certain specified cases. The most important inquiry, in this case, is, whether the lien exists independent of the statutory remedy given for its enforcement. We think it does, for the following, among other reasons:

*First:* The statute does not say that the lien is dependent on the attachment, or right to sue it out.

*Second:* The remedy provided is by no means commensurate with the right conferred. The lien is on all the crop grown on the rented land, for the current year. The right to sue out attachment arises, only "when the tenant is about to remove the crop from the premises, without paying the rent," or "when he has removed it, or any portion thereof, without the consent of the landlord." If the tenant never removed, or was not about to remove some portion of the crop from the premises, the anomaly would be presented of a clearly defined right conferred, with no remedy for its enforcement, if attachment be the only remedy the landlord can invoke.

*Third:* Analagous liens, mere creatures of the law, as incidents of some contract made, are enforceable by the common processes of the law, in addition to the statutory remedy provided.—See Revised Code, § 1858; Code of 1876, § 3286; *Abraham v. Carter*, 53 Ala. 8; 2 Story's Eq. Ju. §§ 1220, 1227, 1230, 1231; *Strother v. Steamboat Hamburg*, 11 Iowa, 59; *Johnson v. Smith*, 11 Humph. 396; *Sheppard v. Taylor*, 5 Pet. 675; *Butt v. Ellet*, 19 Wall. 544.

In *Thompson v. Spinks*, 12 Ala. 155, this court said: "It is manifest, the effect of our statute is, that rent in arrears, or falling due, is merely a debt due from the tenant to the landlord, for the payment of which the latter has a lien on the crop grown on the premises." So, in *Price v. Pickett*, 21 Ala. 741, it was said: "Where the possession is not adverse, the true owner is entitled to recover the rents which have been received by another. In such case, it is money had and received to the use of the owner; and as the person to whom the rent was paid would be compelled to account in equity, he may also be held responsible in the equitable action for money had and received."

In *McDonald v. Morrison*, 50 Ala. 30, this court said: "The landlord has a lien on the crop grown on rented land, for the rent for the current year. This is a lien which grows out of the contract, and the process of attachment is allowed to enforce this lien. It is not created by the levy of the

attachment, and it is not dissolved by the death of the de-
fendant and the insolvency of his estate, so far as the crop
grown on the rented land is concerned."—See, also, *Smith v.
Crockett*, Minor, 277.

The cases of *Blum v. Jones*, 51 Ala. 149, and *Dulaney v.
Dickerson*, 12 Ala. 601, are based on the theory, that the land-
lord's lien is neither a *jus ad rem*, nor a *jus in re*. It confers
no title to the property. It is simply a right to have so
much money carved out of the proceeds. Trespass, detinue,
or trover, can not be maintained on such a right. But the
case of *Thompson v. Merriman*, 15 Ala. 166, had explained
*Dulaney v. Dickerson*, and showed that, when the crop had
been converted into money, and such money was in the hands
of a third person, who had purchased the crop with a knowl-
edge of the lien, then *assumpsit*, for money had and received,
would lie. *Blum v. Jones* is scarcely reconcilable with
*Thompson v. Merriman*. We think the last named case
asserts a correct legal proposition.—See *Fowler v. Rapley*, 19
Wall. 328; *Hussey v. Peebles*, 53 Ala. 432.

We hold, that the landlord's lien for rent passed to the
appellants in this cause, by the elder Foster's indorsement
of the rent-note to them. There was, however, when this
suit was commenced, no statute which authorized the trans-
ferree of a contract for rent, to sue by attachment.—*Foster v.
Westmoreland*, 52 Ala 223. But, there being a lien on the
property, which had passed by the transfer to Westmoreland
& Trousdale, the case falls directly within the original juris-
diction of the Chancery Court.—See *Price v. Pickett, supra*;
2 Story's Eq. Ju. §§ 1231, 1227. And this jurisdiction is not
taken away, although the common-law court may now ad-
minister co-extensive relief.— *Waldron v. Simmons*, 28 Ala. 629.

Of course, this transfer of the lien for rent is subject to
another well-defined rule of law; namely, that if, before the
maturity of the rent contract, the reversion of the freehold
passes to another, the rent, as an incident, will pass and enure
to such new owner.—*English v. Key*, 39 Ala. 113; *Tubb v.
Fort*, at present term.

Leases, or lettings to rent, are often made in this State,
without any written contract signed by the landlord. Such
writing is not necessary, unless, by the terms of the contract,
it is not to be fully performed within a year.—Code of Ala.
§ 2121, subd. 5; *Crommelin v. Theiss*, 31 Ala. 412; *Scoggin v.
Blackwell*, 36 Ala. 351. There is nothing in the pleadings or
evidence, in this cause, which tends to negative a valid con-
tract of renting, and we hold that, under the averments and
proofs in this cause, complainants have a subsisting lien on

the cotton, and its proceeds, for the payment of the note exhibited to the bill.

The bill fails to state whether Mrs. Foster's (George W., sr.) separate estate is statutory or equitable. Ordinarily, this should be shown; for the rights and powers of both husband and wife, under these two classes of estates, are essentially different.—See *Reel v. Overall*, 39 Ala. 138. The answer, in effect, says that her estate is statutory. This, however, can not aid a defective bill. But this inquiry is not necessary in this case. Mrs. Foster is not claiming the cotton, or its proceeds, so far as we are informed. But there is a more conclusive reason than this. The bill does not aver that the plantation, for the rent of which the note was given, was the separate estate of Mrs. Foster. True, the note is payable to G. W. Foster, trustee for Mrs. S. J. Foster; and the bill must be construed as averring the same thing. This is mere *descriptio personæ*, and, without more, is wholly insufficient to establish her right.—See *Tate v. Shackelford*, 24 Ala. 510; *Agee v. Williams*, 27 Ala. 644. The note on its face, and as averred, imports only a contract made with G. W. Foster, sr. The answer sets up that it was of the statutory separate estate of Mrs. Foster; but this averment is not proved. Even if it were proved, the note only represents the income and profits, not the *corpus*, of her separate estate. For the disposition of such income and profits, the law does not require a writing signed by husband and wife, attested by witnesses, or acknowledged, &c., under the Code of 1876, §§ 2707–8.

We think, under the proof in this cause, R. C. Foster must be charged with constructive, if not actual notice, of complainants' lien, before he acquired any right to the cotton; and that the lien exists against him. The replevin bond he executed either gave him actual notice, or was sufficient to put him on inquiry.—*Johnson v. Thweatt*, 18 Ala. 741; *Dudley v. Witter*, 46 Ala. 664.

We might do injustice to some of the parties, in the matter of the measure of recovery, if we were to render a final decree here. We, therefore, reverse and remand the cause, that it may be proceeded in according to the principles of this opinion.